LEWIS B. HAMLEN *vs.* JOHN McGILLICUDDY and wife.

*Bill in equity to subject property conveyed by debtor to his wife to the payment of his debt—under R. S., c. 61, § 1.*

A demurrer to a bill in equity brought by a judgment creditor under R. S., c. 61, § 1, to obtain payment of his debt from property conveyed to the debtor's wife by direction of her husband (who paid the consideration therefor) in order to keep it from his creditors, will not be sustained, even though the bill contain no direct allegation of fraud.

It is sufficient if the allegations of the bill meet the requirements of R. S., c. 61, § 1, last clause; setting forth the fact that payment was made for the property conveyed to her from the property of her husband, and that the creditor's claim accrued before such conveyance.

If an officer return upon the creditor's execution that he could find no money, goods or chattels; wherewith to satisfy it, and therefore returns it wholly unsatisfied, this will be a sufficient return of *nulla bona,* without any statement that no real estate could be found upon which to extend it, or that the debtor was arrested thereon to obtain a disclosure.

Hamlen *v.* McGillicuddy.

In case of land paid for ·by the husband, but the title taken by the wife, a creditor of the former, desiring to take the land in satisfaction of his debt, can resort to equity, even though he has a remedy at law; and is not obliged to levy his execution, if the husband never held the legal title to the estate.
Where such a bill, which is not a bill of discovery, is inserted in a writ of ·attachment, the summons served on the respondents, is to be considered as a general interrogatory under our rules; and the respondents are entitled to answer all the material allegations of the bill.

BILL IN EQUITY; to which the respondents demurred.

The complainant alleged that he was a judgment creditor of John McGillicuddy, and that his execution had been put into the hands of an officer for service, and return made that money, or property had been demanded of the defendant therein, wherewith to satisfy it, and he had answered that he had neither, and that the officer could find no money, goods or chattels, of said John, and therefore returned the execution wholly unsatisfied; that since the complainant's debt accrued, said John had purchased several parcels of land, particularly described, "paid the consideration himself, and to keep the same from his creditors, had the deeds made running to his wife, Ellen McGillicuddy. Then followed the prayer for relief, as follows: "Plaintiff prays the court will decree a conveyance of a portion of the land purchased as above, or payment of the debt, or such other relief as he is entitled to in equity." This was the conclusion of the bill, which contained no prayer for process nor any general interrogatory, but was inserted in a writ of attachment, and served by leaving a summons with each respondent. The respondents showed as cause of demurrer that the complainant did not show that he had used due diligence to collect his debt, or that he could not have levied his execution upon real estate, or obtained a disclosure of property by an arrest of his debtor; or that the payment by the husband for the property conveyed to his wife, was from his own property; or that the wife ever knew of the existence of Mr. Hamlen's claim, or that she took the deeds to aid her husband in concealing his property from his creditors; and that the bill contains no interrogatories for the respondents to answer.

*S. Lancaster*, for the complainant.

*Record & Hutchinson,* for the respondents.

APPLETON, C. J.   The complainant in his bill alleges that at the March term, 1855, of this court, holden at Augusta, in and for the county of Kennebec, he recovered judgment against the defendant, John McGillicuddy, for one hundred and eighteen dollars and sixty cents, debt or damage, and nine dollars and fifty-four cents, costs of suit; that he sued this judgment at the August term, 1872, of the court for Kennebec County, and recovered a new judgment thereon against said McGillicuddy, for two hundred and fifty-two dollars and nine cents, debt or damage, and eleven dollars and fifty-seven cents, costs of suit; that execution issued on said judgment, and was placed in the hands of Thomas Littlefield, sheriff of the county of Androscoggin, of which county these defendants are residents, who made return, that with the execution he demanded of the debtor money or property, to satisfy the same, who replied that he had neither money nor property of any kind; whereupon, on the twenty-fourth day of November, 1872, said sheriff made his return on said execution, that he could find no money, nor any goods or chattels of said McGillicuddy, to satisfy said execution, and returned the same in no part satisfied; that since said first judgment "said McGillicuddy has purchased the following parcels of land, and paid the consideration in each case himself, and to keep the same from his creditors, had the deeds made running to his wife," the other defendant—said parcels being particularly described.   Then follows a general prayer for relief.

To this bill the defendants file a general demurrer, and specify numerous grounds of objections upon which they insist it can be sustained.

I.   The return of the sheriff on the execution that "he could find no money, nor any goods or chattels of the said John McGillicuddy to satisfy the same," and that he "returned the said execution in no part satisfied" is sufficient to authorize the institution of this bill.   It is the return of *nulla bona* and nothing else.

II.   The allegations in the bill that the husband purchased the land and paid the consideration himself, and had the deeds made

Hamlen *v.* McGillicuddy.

running to the wife to keep the land conveyed from his creditors, bring the case within R. S., c. 61, § 1, which provides that "when payment was made for property conveyed to her (the wife) from the property of her husband, or it was conveyed to her without a valuable consideration made therefor, it may be taken as the property of her husband, to pay his debts contracted before such purchase." The natural meaning of the language of the bill is that the purchase was made with the property of the husband.

III.   It is enough if the allegations in the bill contain all the requirements of the statute.   It is sufficient that the property conveyed to the wife, was paid for from the property of the husband, and that the debt was contracted before such purchase. This is alleged.   It is not required that there should be the allegations of any fraudulent design or purpose on the part of the wife. It is sufficient that the wife has received a conveyance of property purchased with the means of the husband to authorize its being taken for antecedent debts, the wife having paid no valuable consideration therefor.

IV.   Though the plaintiff may have a remedy at law, it does not prevent his resort to equity.   The complainant was not required to resort to a levy, as the title was never in the husband. *Howe v. Bishop*, 3 Metc., 26 ; *Low v. Marco*, 53 Maine, 45 ; *Des Brisay v. Hogan*, 53 Maine, 554.

V.   This is not a bill for a discovery.   It is included in a writ in which the respondents are summoned to answer to this complainant in a bill in equity.   The defendants have a right to answer each and all the material allegations in the bill.   The summons to answer may be regarded, on demurrer, as a sufficient general interrogatory under our rules, the bill itself showing a good ground of action.   This is a bill for relief and its allegations being admitted, show the complainant is entitled to the relief for which he prays.

*Demurrer overruled.*
*Decree for relief as*
*prayed for in the bill.*

Cutting, Dickerson, Barrows, Danforth and Virgin, JJ., concurred.